UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HAILO TECHNOLOGIES, INC.,

                    Plaintiff,

        v.

MOOVN TECHNOLOGIES, INC.,

                    Defendant.

CASE NO. 2:19-cv-00958-BAT

**ORDER OF DEFAULT**

Plaintiff Hailo Technologies, Inc. ("Hailo") seeks entry of a default order against Defendant Moovn Technologies, LLC ("Moovn") pursuant to Fed. R. Civ. P. 55(a).

<u>BACKGROUND</u>

On June 20, 2019, Hailo filed a complaint against Moovn for the alleged infringement of U.S. Patent No. 6,756,913. Hailo seeks damages from Moovn of "not less than a reasonable royalty and/or [its] lost profits;" trebling of damages pursuant to 35 U.S.C. § 284, and interest and costs. Dkt. 1.

On July 3, 2019, process server James Bradford attempted to serve Moovn through its registered agent at 1122 E. Pike Street, #1315, Seattle, WA 98122, the address obtained from the Washington Secretary of State. Dkt. 9, Affidavit of Service by Nicholas Ranallo, ¶ 3, Ex. A. According to process server James Bradford, the "registered agent" address is in fact a private mailbox/PO Box, and service could not be completed. Dkt. 9, ¶¶ 3-4, Ex. B (Declaration of Non-Service). Counsel for Hailo then found another corporate address for Defendant, at 107 Spring

Street, 4th Floor, Seattle WA 98104. This address continues to appear on Defendant's website, at moovn.com/cities/seattle. *Id.*, ¶ 5. On July 10, 2019, process server James Bradford attempted to serve Defendant at the corporate address, but this was also not successful. According to the declaration of non-service, this address is a Wework shared office space, and Moovn is no longer a tenant at this address. *Id.*, ¶ 6, Exh. C.

After determining that the registered agent could not be served, Hailo's counsel successfully effected service by certified mail, return receipt requested, in accordance with RCW §23.95.450. The certified mail was sent to Moovn's registered address at 1122 E. Pike Street, #1315, Seattle, WA 98122 *Id.*, ¶ 7, Exh. D (Moovn's most recent annual report); Exh. E (certified mail receipt and signed return receipts). Review of the USPS tracking information confirms that the package was delivered on August 23, 2019. *Id.*, ¶ 8.

Hailo has not heard from (or received any responsive pleading) from Moovn, despite a follow-up email to the email address given by Moovn on its website (support@moovn.com), in which Hailo sought to engage Defendant in settling or otherwise defending this action. *Id.*, ¶ 9, Exh. F.

<u>DISCUSSION</u>

Pursuant to Fed. R. Civ. P. 55(a) and Local Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

The record reflects that service was completed on August 23, 2019, in accordance with RCW 23.95.450(2)(a). Dkt. 9, ¶ 8. Thus, the time for Moovn to respond to Hailo's Complaint expired on September 13, 2019. As of the date of this Order, Moovn has not filed an Answer or

ORDER OF DEFAULT - 2

other responsive pleading. Upon information and belief, Defendant is not a minor, incompetent person, or servicemember subject to the Servicemembers Civil Relief Act. Dkt. 12, Ranallo Decl., ¶ 6.

Accordingly, Defendant Moovn Technologies, LLC is in default pursuant to Fed. R. Civ. P. 55(a) for failure to file an answer or other responsive pleading within the time limit set forth in the federal rules. It is, therefore, **ORDERED** that Hailo's motion for entry of default under Rule 55 (Dkt. 11) is **GRANTED**.

DATED this _9th_ day of December, 2019.


<u>WILLIAM M. MCCOOL</u>
Clerk of Court


<u>s/ TIMOTHY FARRELL</u>
Deputy Clerk

ORDER OF DEFAULT - 3